Rhonda ROSS, Plaintiff—Appellant,

v.

CITY OF ONTARIO; R. Kauffman, Officer, # 015021, individually and as a peace officer; S. Kelbo, Officer, # 15092, individually and as a peace officer esa Scott Delbo, Defendants—Appellees.

No. 02–55305.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2003.

Decided April 7, 2003.

Before: T.G. NELSON, SILVERMAN, and MCKEOWN, Circuit Judges.

### MEMORANDUM *

Rhonda Ross ("Ross") appeals the district court's orders granting summary judgment to the defendants with regard to (1) her false arrest claims brought under 42 U.S.C. § 1983 and state law and (2) her

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

excessive force claims brought under § 1983. We affirm.

## I. Probable Cause

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001). The showing of probable cause is therefore a defense to Ross's false arrest claim under § 1983, as well as her common law claim for false arrest and false imprisonment under California law. *See* Cal.Penal Code, § 836(a); *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 920 (9th Cir.2001). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Dubner,* 266 F.3d at 966 (citation omitted).

■ The record establishes that a prudent person would believe, under the totality of the circumstances, that Ross had committed a battery.[1] Ross's contention that there was no actual physical contact between herself and Denise Alford ("Alford") after Ryan Kauffman's ("Kauffman") arrival does not preclude this conclusion. A dispute between Ross and Alford occurred after Kauffman's arrival, and the dispute escalated in his presence. It is uncontested that the two women were "cussing and fussing," calling one another names, and "waving their arms at each other." It is also clear that Alford was "combative," that she "went after Ross," and that Ross ultimately found herself in the middle of a "rumble." The altercation was such that Kauffman had to step in and tell the women to stop and had to restrain Alford. The totality of the circumstances supports a reasonable belief that a battery had been, or was about to be, committed. In view of this conclusion, we need not address the question of qualified immunity. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

## II. Excessive Force

*Saucier* guides our qualified immunity analysis for the excessive force claim. We must first determine, as a threshold question, whether the facts alleged in the light most favorable to the Ross demonstrate that the officers violated a constitutional right. *Id.* at 201. If so, we must then determine whether the right violated was clearly established. *Id.* at 202.

■ Under the Fourth Amendment, officers must use such force as is "objectively reasonable" under the circumstances. *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The reasonableness of the force is determined by balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (citations and internal quotation marks omitted). When weighed against the government's interest in this case, the use of pepper spray in the manner alleged was unreasonable. *See Deorle v. Rutherford,* 272 F.3d 1272, 1280 (9th Cir.2001) (explaining that the government's interest is evaluated by considering "(1) the severi-

---

1. Section 242 of the California Penal Code defines battery as "any willful and unlawful use of force or violence upon the person of another." Cal.Penal Code § 242.

ty of the crime at issue, (2) whether the suspect pose[d] an immediate threat to the safety of the officers or others ... (3) whether he [was] actively resisting arrest or attempting to evade arrest by flight, and any other exigent circumstances [that] existed at the time of the arrest.") (citations and internal quotation marks omitted).

■ The officers are entitled to qualified immunity, however, because the contours of the right against excessive force in this context were not so clearly established at the time that a reasonable official would have known that his or her conduct was unlawful. *See Saucier,* 533 U.S. at 202. Ross cites pepper spray cases decided recently in which it was found that the officer's actions were unreasonable, *see, e.g., Headwaters Forest Defense v. County of Humboldt,* 276 F.3d 1125 (9th Cir.2002); *LaLonde v. County of Riverside,* 204 F.3d 947 (9th Cir.2000), but these cases were not available to Kauffman at the time of the incident. Moreover, we have recognized that pepper spray is appropriate in some circumstances where individuals are being aggressive. *See Jackson v. City of Bremerton,* 268 F.3d 646, 652–53 (9th Cir. 2001). Given that the contours of the right against the excessive use of chemical spray have only recently been established, Kauffman's conduct at the time of the incident was not unreasonable.

The officers' other acts–allegedly shoving Ross onto the concrete, and leaving her there handcuffed and later putting her in the car–do not rise to the level of a constitutional violation and therefore fail under the first prong of *Saucier.* "Not every push or shove, even if it may later seem unnecessary in the peace of the judge's chambers, violates the Fourth Amendment." *Graham,* 490 U.S. at 396

(citation and internal quotation marks omitted).

**AFFIRMED.**